18-84-cv
Williams v. City of New Rochelle

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, Jr.,
> *Circuit Judges.*

_____

Llewellyn Angelo Williams,

> *Plaintiff-Appellant,*

> v.                                                                    18-84

City of New Rochelle, The City of New Rochelle
Police Department, Sergeant Daniel Conca,
Sergeant John Inzeo, Sergeant Kyle Wilson, Police
Officer Edward Siller, Police Officer Adam
Castiglia,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:          Llewellyn Angelo Williams, pro se,
                                                        Rockville, MD.

FOR DEFENDANTS-APPELLEES:      Lalit K. Loomba, Peter A. Meisels,
                                                        Wilson Elser Moskowitz Edelman & Dicker LLP,
                                                        White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*), and from the subsequent denial of reconsideration.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, and its denial of reconsideration, are **AFFIRMED**.

Appellant Llewellyn Angelo Williams, proceeding pro se, appeals the district court's judgment dismissing his 42 U.S.C. §§ 1981 and 1983 complaint and granting summary judgment with respect to all claims in favor of defendants, the City of New Rochelle, the city's police department, and several named police officers. Williams also appeals the court's subsequent denial of his motion for reconsideration. In the underlying complaint, Williams, the owner of a company that "boots" vehicles in the City of New Rochelle and surrounding areas, alleged that a local ordinance governing booting, Chapter 316 of the New Rochelle City Code, was amended in 2012 to discriminate against him, and that police officers enforced the ordinance against him more strictly than against a comparable competitor because of his race. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's grant of summary judgment *de novo*." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam).[1] "[S]ummary judgment may be granted only if there is no genuine dispute as to any material fact and the movant is entitled to

---

[1] Unless otherwise noted, when quoting cases, all internal quotation marks, citations, and alterations are omitted.

judgment as a matter of law … resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Id.* "[W]e generally review motions pursuant to the provisions of Rule 60(b) for abuse of discretion, [but] we review *de novo* a district court's denial of a Rule 60(b)(4) motion." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011).

We affirm the judgment and the denial of reconsideration for the reasons stated by the district court in its thorough December 7, 2017 decision and December 20, 2018 orders. In the incidents upon which Williams bases his claims, he has not established that there was any differential treatment, or that any differential treatment occurred intentionally or on the basis of race. Williams' motion for reconsideration, filed more than one year after judgment, identified no valid legal basis for the relief he requested.

We have considered all of Appellant's remaining arguments and find no reason to reverse the district court. We do not consider Williams' claims raised for the first time on appeal and, similarly, as "[f]actfinding is the basic responsibility of district courts," we cannot "resolve in the first instance [any] factual dispute which has not been considered by the District Court." *Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2008). Accordingly, we **AFFIRM** the judgment of the district court granting summary judgment to defendants and the district court's orders denying reconsideration.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3